1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7               FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9

**United States District Court**
For the Northern District of California

10   OSMAN YOUSIF,                                      No. C 15-04887 WHA
11            Plaintiff,
12      v.                                              **ORDER RE MOTIONS
                                                        TO DISMISS**
13   COUNTY OF SAN MATEO; SHERIFF
     GREG MUNKS; DEPUTY CHRIS
14   LOUBAL; DEPUTY DEFRANCE
     MCLEMORE; CITY OF MENLO PARK;
15   OFFICER CHRIS ADAIR,
16            Defendants.
17   _____/
18                            **INTRODUCTION**
19        In this Section 1983 action, plaintiff, represented by counsel, has alleged local police
20   officers violated his constitutional rights.  Defendants have filed two separate motions to
21   dismiss under Rule 12(b)(6).  For the reasons stated below, the motions to dismiss are
22   **GRANTED IN PART AND DENIED IN PART**.
23                             **STATEMENT**
24        The following well-pled facts are assumed to be true for the purposes of the present
25   motions.  Plaintiff Osman Yousif, who is "brown-skinned," has had over seventy interactions
26   with law enforcement over the last eight years.  Plaintiff's complaint describes six specific
27   interactions which form the basis for the constitutional violations alleged herein, and which are
28   quoted from the complaint below (Compl. ¶¶ 22–28):

United States District Court

For the Northern District of California

(1)    In August 2014, defendant [Officer Chris] Adair stopped Yousif in Menlo Park for ostensibly failing to stop at a stop sign.  Yousif requested that the interaction take place out of the street because he felt unsafe.  Plaintiff, not on parole or probation, refused Adair's demand to search.  Adair then grabbed Yousif, and insisted that Yousif was drunk in public.  Adair then arrested Yousif for being in possession of narcotics; the narcotic was a lawful prescription of hydrocodone.  The case was dismissed.

(2)    On November 1, 2014, Adair had a similar interaction with Yousif, again in Menlo Park.  Adair decided to arrest Yousif in about 45 seconds.  Adair knew, and acknowledged at a hearing, that Yousif did not reside in Menlo Park, and this was a primary basis of the decision to arrest.  Again, he did not perform a field sobriety test or any field test for intoxication.  This case was also dismissed.

(3)    On September 28, 2014, Yousif was stopped near his home in Half Moon Bay by [defendant Deputy Chris] Laughlin.  In connection with this traffic stop (Yousif was again on bicycle), Laughlin called to the scene an additional four-five deputies, one of whom was [defendant Deputy Chris] Loubal.  Loubal and other deputies threatened Yousif with physical harm if Yousif did not stop verbally protesting the police action.

(4)    On October 22, 2014, Yousif was assisting a friend with pouring fuel (gasoline) into a vehicle.  Despite frequent interactions with Yousif up to this point in time, Laughlin demanded Yousif produce identification.  When Yousif asked if he was detained, Laughlin roughly placed handcuffs on Yousif and placed Yousif in Laughlin's SMSO patrol car.

(5)    Later 2014 or early 2015, Laughlin dragged Yousif out of a 7-11, for no reason, without cause.  No case was filed.

(6)    On September 15, 2015, defendant [Deputy DeFrance] McLemore physically attacked Yousif.  McLemore slammed Yousif to the ground, threatened Yousif with a taser, and placed Yousif on a 72-hour hold.  With McLemore was Loubal.  Yousif was known and identified by Loubal and others, and these deputies noted Yousif was a person who had frequent police contacts.

In addition, the complaint alleges that plaintiff's mother met with defendant Sheriff Greg Munks to complain "about the frequent harassment, detentions, and arrests of her son" (*id*. at ¶ 18).

Now, defendants County of San Mateo, Sheriff Munks, Deputy Loubal, Deputy Laughlin, and Deputy McLemore have filed a motion to dismiss.  Defendants City of Menlo Park and Officer Adair have filed a separate motion to dismiss.  This order follows full briefing and oral argument.

1

**United States District Court**
For the Northern District of California

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678–79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation omitted).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint alleges a laundry list of constitutional violations, without tying any of them to the above quoted factual allegations. Rather, plaintiff simply lists violations of the following rights (Compl. at ¶ 31): (a) "unreasonable search and seizure," (b) "excessive/unnecessary use of force," (c) "deprivation of Due Process," (d) "pre-trial punishment," (e) "Equal Protection of the Law," and (f) to engage in "protected activity."

Of the six police interactions described in the complaint and quoted above, only incident (6) states a plausible Section 1983 claim. Incident (6) alleges that San Mateo Deputies McLemore and Loubal "physically attacked Yousif . . . slammed Yousif to the ground, threatened Yousif with a taser, and placed Yousif on a 72-hour hold" (Compl. at ¶ 28). This allegation, on its face, is sufficient to state a plausible claim for excessive force and unreasonable seizure against defendant Deputies McLemore and Loubal. These defendants argue that they are entitled to immunity based on their "Section 5150" hold of plaintiff. Based on the allegations pled within the four corners of the complaint, however, it is plausible that the

3

1    officers would not be entitled to immunity.  It is better to address the immunity issue at the

2    summary judgment stage, on a full evidentiary record.

3         The other five incidents, as currently pled, are insufficient to state a claim.

4    "Determining whether the force used to effect a particular seizure is reasonable under the

5    Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the

6    individual's Fourth Amendment interests against the countervailing governmental interests at

7    stake." *Graham v. Conner*, 490 U.S. 386, 396 (1989).  "With respect to a claim of excessive

8    force, the same standard of reasonableness at the moment applies:  Not every push or shove,

9    even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth

10   Amendment."  *Ibid* (internal citation omitted).

11        Incident (1) alleges that Officer Adair arrested plaintiff for running a stop sign, then

12   "grabbed Yousif, and insisted that Yousif was drunk in public.  Adair then arrested Yousif for

13   being in possession of narcotics; the narcotic was a lawful prescription of hydrocodone"

14   (Compl. at ¶ 28).  This allegation is simply too vague to state a civil rights violation.  Plaintiff

15   concedes that he ran a stop sign (the complaint does not specify whether plaintiff was on a bike

16   or driving a car during this incident) and thus Officer Adair arrested him.  The allegation that

17   Officer Adair "grabbed" plaintiff, without any more description of the circumstances or the

18   force used, is insufficient to state any plausible claim.

19        Incident (2) alleges that Officer "Adair decided to arrest Yousif in about 45 seconds . . .

20   [and] did not perform a field sobriety test or any field test for intoxication" (*id*. at ¶ 23).

21   Similarly, the allegation that Officer Adair made a quick arrest — even though 45 seconds

22   could be a long time depending on the circumstances — without conducting a field sobriety is

23   too vague, on its own, to state a plausible claim.

24        Incident (3) alleges that Deputies Laughlin and Loubal arrested plaintiff for a traffic stop

25   and "threatened Yousif with physical harm if Yousif did not stop verbally protesting the police

26   action" (*id*. at ¶ 24).  On its face, this allegation suggests lawful police action, as verbal

27   warnings frequently accompany arrests.  This allegation does not allege excessive, or even any,

28

United States District Court
For the Northern District of California

1   physical force was used against plaintiff.  Accordingly, Incident (3), as currently pled, does not

2   state a plausible civil rights violation.

3       Incident (4) describes an encounter in which Deputy Laughlin approached plaintiff

4   while he was pouring gasoline into a car.  Deputy Laughlin then "demanded Yousif produce

5   identification.  When Yousif asked if he was detained, Laughlin roughly placed handcuffs on

6   Yousif and placed Yousif in Laughlin's SMSO patrol car" (*id*. at ¶ 26).  Once again, this

7   allegation is simply too vague.  Merely stating that a policy officer "roughly placed handcuffs"

8   on someone does not rise to the level of excessive force.  Plaintiff must plead facts detailing the

9   scenario and stating how and why the officer's actions were unreasonable and excessive.

10      Incident (5) alleges that Deputy "Laughlin dragged Yousif out of a 7-11, for no reason,

11  without cause" (*id*. at ¶ 27).  Without more context, and without a more detailed description of

12  the dragging and why it might be unreasonable, this allegation is insufficient to state a claim.  If

13  plaintiff seeks leave to amend these claims, he must set the scene and allege more detail such

14  that his civil rights claims rise to the level of being plausible.

15      Lastly, plaintiff has also asserted claims against the City of Menlo Park and the County

16  of San Mateo.  In *Monell v. Department of Social Services*, 436 U.S. 658 (1978) the Supreme

17  Court established that local governments can be held liable for Section 1983 violations.  In

18  interpreting *Monell*, our court of appeals has held that there are three viable theories for

19  municipal liability based on constitutional violations under Section 1983.

20          First, a local government may be held liable when implementation
            of its official policies or established customs inflicts the
21          constitutional injury. . . . Second, under certain circumstances, a
            local government may be held liable under [Section] 1983 for acts
22          of "omission," when such omissions amount to the local
            government's own official policy. . . . Third, a local government
23          may be held liable under [Section] 1983 when the individual who
            committed the constitutional tort was an official with final
24          policy-making authority or such an official ratified a subordinate's
            unconstitutional decision or action and the basis for it.
25
    *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (internal citations
26
    omitted).
27

28

5

1    In his opposition to defendants' motions, plaintiff explicitly abandoned his municipal

2 liability claim against Menlo Park.  In regards to San Mateo, however, plaintiff points to the

3 fact that Sheriff Munks met with plaintiff's mother, told him that plaintiff had hearing troubles,

4 and complained about previous arrests.  Plaintiff thus asserts that he has alleged a plausible

5 municipal liability claim because "Munks adopted, ratified, and/or condoned the continuing

6 violations directed at Yousif" (Opp. at 9).

7    Not so.  As an initial matter, the complaint does not state when plaintiff's mother's

8 meeting took place, only indicating that it happened in 2014.  In addition, plaintiff's municipal

9 liability claim is based upon allegations of "repeated constitutional violations" (*id*. at 10).  As

10 described above, plaintiff has only plausibly pled one individual violation, thus negating the

11 inference plaintiff wishes to draw from multiple violations.  Even if plaintiff could establish

12 multiple violations by San Mateo deputies (which he has not), the fact that plaintiff's mother

13 met with Sheriff Munks on one occasion to complain, and the meeting did not produce the

14 results she had hoped for (that her son would not have more contacts with law enforcement),

15 does not lead to the plausible inference that the County of San Mateo had an official policy that

16 inflicted constitutional injury.  More must be alleged to plead a plausible municipal liability

17 violation.

18                                        **CONCLUSION**

19    To the extent stated above, defendants' motions to dismiss are **GRANTED IN PART AND**

20 **DENIED IN PART**.  The motion to dismiss the Section 1983 claim against defendant Deputies

21 McLemore and Loubal, as alleged in Incident (6), is **DENIED**.  The motions to dismiss all claims

22 against defendants Sheriff Munks, Deputy Laughlin, Officer Adair, County of San Mateo, and

23 City of Menlo Park are **GRANTED**.

24    Plaintiff shall have until **MAY 25, 2016 AT NOON**, to file a motion, noticed on the normal

25 35-day calendar, for leave to amend his claims.  A proposed amended complaint must be

26 appended to this motion.  Plaintiff must plead his best case.  The motion should clearly explain

27

28

6

how the amended complaint cures the deficiencies identified herein, and should include as an

exhibit a redlined or highlighted version identifying all changes.

**IT IS SO ORDERED.**

Dated:  May 5, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California