IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSMAN YOUSIF,

    Plaintiff,

v.

DEPUTY SHERIFFS DENNIS LOUBAL, DEFRANCE McLEMORE, and DOES 1–100,

    Defendants.

/

No. C 15-04887 WHA

**ORDER RE DISPUTED SEALING MOTION**

      Defendant Defrance McLemore seeks leave to file under seal portions of an exhibit to the declaration of Aimee Armsby in support of their motion for summary judgment. Specifically, the motion seeks leave to file under seal Exhibit 5 from plaintiff's deposition, which includes plaintiff's medical records. Defendant filed his motion on February 9 at 7:21 p.m., before the deadline. Instead of filing the Armsby declaration as a separate docket entry, with the exhibits included as sub-entries, defendant appended the Armsby declaration to that motion as a single sixty-seven page document. Because he filed the declaration in such an unwieldy manner, the entire declaration and all exhibits thereto were provisionally filed under seal — instead of the twenty-three pages sought to be sealed. This contravention of Civil L.R. 79-5(c), which allows "[o]nly the unredacted version of a document sought to be sealed" to be filed under seal before a sealing order is obtained, mattered: Plaintiff's counsel could not view *any* of the Armsby Declaration until defendant filed the redacted form of the declaration at 9:44 a.m. the next day, after the deadline.

Moreover, Civil L.R. 79-5(d)(1) specifically provides that a sealing motion must conform to Civil L.R. 7-11, which requires either a stipulation or "a declaration that explains why a stipulation could not be obtained." Defendant's motion included neither a stipulation nor a declaration explaining why the stipulation could not be obtained. Had defendant sought a stipulation, Yousif might have asked defendants to serve a copy of the unredacted version of the Armsby declaration immediately. Instead, plaintiff's counsel avers he has been unable to access the unredacted document which is "restricted" on ECF, and his email request to defense counsel for that document remains unanswered (Dkt. No. 105 at 6, ¶ 8)

Yousif now opposes defendant's sealing motion and seeks to strike the Armsby declaration in its entirety, complaining that counsel has "lost three days" in preparing his opposition as a result of the foregoing snafus, though he offers no support for the calculation of a loss of *three* days.

It is unclear why plaintiff opposes the motion which seeks to seal his medical records for the sake of his own privacy. This order holds the sealing motion in abeyance, but asks both sides to state by **FEBRUARY 17 AT NOON**, supported with sworn declarations, whether plaintiff's medical records should indeed be sealed.

It is further unclear what prejudice plaintiff's counsel suffered due to defendant's failure to make the medical records sought to be sealed available inasmuch as counsel concede the document sought to be sealed was *produced by plaintiff in September*, and that it was *appended to plaintiff's deposition* (*id.* at 5 ¶¶ 3–4, 10). This order **DENIES** plaintiff's request to strike the Armsby declaration. Plaintiff's counsel could have referred to their own copies of plaintiff's medical records. Nevertheless, by **FEBRUARY 15 AT 5:00 P.M.**, defense counsel shall serve a copy of the unredacted version of the Armsby declaration on plaintiff's counsel by email, and they shall serve a printed copy by mail by **FEBRUARY 17 AT NOON**.

Finally, although it strains credulity to assume plaintiff's counsel had so completely reviewed defendant's summary judgment materials before 9:44 a.m. on February 10 that they suffered prejudice because they could not continue their work without the Armsby declaration (which simply authenticated deposition transcripts), this order extends the deadline for

2

plaintiff's opposition to defendant's summary judgment motion to **10:45 A.M. ON FEBRUARY 24** (adding an extra hour and one minute beyond the late filing of the Armsby declaration to make up for time spent opposing the sealing motion). The deadline for defendant's reply remains **MARCH 2**.

Finally, plaintiff's opposition to defendant's sealing motion cites an email providing "late responses to interrogatories (verified) and document requests" to defense counsel on January 24, 2017, immediately after a discovery hearing (Dkt. No. 105-12). It is unclear what purpose this email serves in the context of his opposition, but plaintiff and his counsel are reminded that plaintiff may *not* rely on untimely responses to reasonable interrogatories and discovery requests, pursuant to the order following the discovery hearing on January 24 (Dkt. No. 95).

**IT IS SO ORDERED.**

Dated: February 15, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE