IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSMAN YOUSIF,

    Plaintiff,

v.

DEPUTY SHERIFF DEFRANCE McLEMORE and DOES 1–100,

    Defendant.

No. C 15-04887 WHA

**ORDER DENYING MOTION TO CORRECT COMPLAINT**

    The deadline to seek pleading amendments was July 31, 2016 (Dkt. No. 55). On February 1, 2017, plaintiff sought leave to file a second amended complaint to correct a "typographical mistake" in the first amended complaint made by counsel upon "jumping into the case" (Dkt. No. 101). Specifically, counsel mistakenly wrote that the incident in question occurred on September 15, 2015, although all agree it occurred on September 20, 2015.

    Plaintiff's proposed second amended complaint fails to remove allegations relating to incidents and defendants that have been dismissed in prior orders. Those allegations remain part of the operative pleading although plaintiff had been directed to amend his complaint to conform to the prior orders on motions to dismiss. Plaintiff also failed to seek leave or to show cause for amending the scheduling order such that this motion could be considered timely. Plaintiff's complete lack of diligence in seeking this amendment is alone a sufficient reason to deny the motion.

Defendant responded to plaintiff's motion two days late. He acknowledges that the date of the sole incident in question was correctly stated in the initial complaint and in plaintiff's Rule 26 disclosures. Defendant has had notice of this date long before plaintiff's counsel's error.

Plaintiff's proposed second amended complaint would add unnecessary confusion to our record, which has already become mired in procedural snafus. Moreover, it would perpetuate the confusion caused by plaintiff's failure to conform his complaint to reflect the parties and claims actually in issue. Accordingly, the motion is **DENIED**, although defendant will not be heard to dispute that the incident in question occurred on September 20, 2015, as alleged in the proposed second amended complaint (as well as the initial complaint and the Rule 26 disclosures).

Plaintiff's request for an order to show cause regarding sanctions is **DENIED**. Defendant should have timely responded, but his two-day delay in responding to plaintiff's motion to amend the pleadings more than six months after the deadline to do so does not warrant sanctions.

**IT IS SO ORDERED.**

Dated: February 21, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE